# EXHIBIT A

Electronically Filed
6/3/2022 2:31 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BETSY JEFFERIS AGUILAR, ESQ.
Nevada Bar No. 12980
**HICKS & BRASIER, PLLC**
2630 S. Jones Blvd
Las Vegas, Nevada 89146
Phone: (702) 628-9888
Fax: (702) 960-4118
E-Mail: baguilar@lvattorneys.com
*Attorneys for Plaintiff*

CASE NO: A-22-853533-C
Department 13

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHARLENE CRIBBS, | ) CASE NO: |
| | ) DEPT. NO. |
| Plaintiff, | ) |
| | ) |
| vs. | ) **PLAINTIFF'S COMPLAINT** |
| | ) |
| WALGREEN CO. dba WALGREENS, a | ) |
| foreign corporation; DOE EMPLOYEES | ) |
| OF WALGREENS, DOES 1-20 and ROE | ) |
| BUSINESS ENTITIES 1-20, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

COMES NOW, Plaintiff, SHARLENE CRIBBS, by and through her counsel, BETSY JEFFERIS AGUILAR, ESQ. of HICKS & BRASIER, PLLC, and for her causes of action against Defendants, and each of them, complains and alleges as follows:

**JURISDICTION AND PARTIES**

1.   That Plaintiff SHARLENE CRIBBS (hereinafter "Plaintiff") is, and at all times mentioned herein was, a resident of the County of Clark, State of Nevada.

2.   That Defendant WALGREEN CO. dba WALGREENS is, and at all times mentioned herein was, a foreign corporation or other business entity, licensed to do business in the County of Clark, State of Nevada.

3.   That Defendants DOES 1-5 and ROE BUSINESS ENTITIES 1-5 are other owners

1

or operators of the property located at 3717 Las Vegas Boulevard, South, Las Vegas, Nevada 89109, commonly known as Walgreens ("the Property").

4.    That Defendants DOES 6-10 and ROE BUSINESS ENTITES 6-10 are the managers or controllers of common areas of the Property.

5.    That Defendants DOES 11-15 and ROE BUSINESS ENTITIES 11-15 are the designers and maintenance providers for the Property.

6.    That Defendants DOES 16-20 and ROE BUSINESS ENTITIES 16-20 are the construction companies, sub-contractors, vendors, inspectors or other persons responsible for the cleaning and maintenance of the area on the Property where the subject incident occurred.

7.    That the true names and capacities of the remaining Defendants designated herein as Doe or Roe Business Entities are presently unknown at this time to Plaintiff, who therefore sues said Defendants by such fictitious names — these entities would specifically include owners associations presently unknown.   When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

8.    That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9.    That on or about March 19, 2021, Plaintiff was an invitee on the Property.

10.  On or about said date, Plaintiff was injured when she slipped and fell on a small liquor bottle on the property (hereinafter referred to as the "dangerous condition").

11.  Upon information and belief, the dangerous condition was caused as a direct result of the Defendants' failure to design, construct, control, supervise, repair, and/or maintain the Property in a reasonable and safe manner.

12.  Defendants maintained and were in control of the Property.

13.  Defendants knew, or reasonably should have known, that the dangerous condition existed on or about the Property.

2

14. Defendants failed to place signs, caution, warn, or otherwise make safe, the dangerous condition existing on or about the Property. Accordingly, Defendants negligently, carelessly, and recklessly maintained and allowed the dangerous condition to exist.

15. Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

## FIRST CLAIM FOR RELIEF

## (NEGLIGENCE TO ALL DEFENDANTS)

16. Plaintiff incorporates paragraphs 1 through 15 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

17. Defendants owed Plaintiff a duty of care to warn Plaintiff of the non-obvious and dangerous condition.

18. Defendants breached this duty of care by failing to place caution signs, or otherwise failing to warn Plaintiff of the dangerous, non-obvious condition.

19. Defendants' negligence directly and proximately caused Plaintiff serious injury.

20. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000. That said services, care, and treatment are continuing and shall continue in the future.

21. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain occupational and recreational activities, which have caused, and shall continue.

22. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

//

//

3

## SECOND CLAIM FOR RELIEF

## (NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

## TO WALGREENS)

23.  Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 22 above.

24.  Defendant had a duty to adequately hire, train, supervise, and retain its employees and/or other persons and/or entitles responsible for the inspection of The Property to ensure that a safe environment was provided for invitees and/or licensees.

25.  Defendant breached its duty that it did not hire responsible employees, did not train its employees to keep the premises safe for customer use, did not supervise its employees, and retained employees that displayed unsafe.

26.  The failures led to Defendant employees not recognizing a slip/trip and fall hazard, not remedying the hazard, and not warning customers, guests and/or invitees of the hazard.

27.  The failures proximately led to Plaintiff's slip and fall and resulting injuries.

28.  Employees, masters, and principals are vicariously liable for the torts committed by their employees, servants, and agents if the occurs while the employee, servant or agent was acting in the course and scope of employment.

29.  Accordingly, pursuant to NRS § 41.430, Defendant is variously liable for the damages caused by its employees' actions and negligence, further encompassing the e actions of those hired by Defendant to maintain the premises and requirement.

30.  NRS § 41.430, states as follows:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect, or default of another, the person causing the injury is liable to the person injured for the damages; and where the person causing the injury is employed by another person or corporation responsible for the conduct of the person causing the injury, that other person or corporation so responsible is liable to the person injured for damages.

31.  Defendant Walgreens was the employer, master, and principle of the remaining Defendants and other employees, agents, independent contractors, and/or representatives who negligently did not inspect, maintain, or warn of dangerous conditions in and about The

4

Property.

32.  As a direct and proximate result of Defendant Walgreen's negligence, carelessness, and recklessness, Plaintiff suffered personal injuries to her body, as well as pain and suffering.

33.  Plaintiff is entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries sustained as a result of Defendant Walgreens' negligence.

34.  As a direct and proximate result of the actions of Defendants, Plaintiff experienced pain and suffering, damaging Plaintiff in excess of $15,000.

35.  As a direct and proximate result of the actions of Defendants, Plaintiff has been required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

## THIRD CLAIM FOR RELIEF
## (NEGLIGENT INSPECTION AND WARNING)

36.  Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 35 above.

37.  Defendants owed Plaintiff and other similarly situated a duty to inspect the premises before the subject incident and knew or should have known the flooring was dangerous, slippery, and hazardous, and failed to warn Plaintiff of the dangerous condition to Plaintiff's detriment and damages alleged above.

38.  Defendants' failure to inspect, test, monitor, maintain, and warn was a proximate cause of the injuries and damages alleged above was, further, a willful and conscious disregard of the known safety procedures.

39.  As a direct and proximate result of the conduct of the Defendants, Plaintiff sustained injuries and damages in excess of $15,000.

40.  As a direct and proximate result of Defendants' conduct, Plaintiff has been required to retain the services of an attorney, and as directed, natural and foreseeable consequence thereof, has been damaged and is entitled to reasonable attorney's fees and costs.

//

//

5

**FOURTH CLAIM FOR RELIEF**

**(VICARIOUS LIABILITY/JOINT & SEVERAL LIABILITY/RESPONDEAT SUPERIOR AS TO ALL DEFENDANTS)**

41.  Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 40 above.

42.  At all times relevant hereto, Defendants negligently failed to warn patrons of the dangerous conditions.

43.  At all times relevant hereto, Plaintiff believes and thereon alleges that Doe Walgreens Employee was employed by Walgreens.

44.  As such, Defendant Walgreens is liable for the negligent acts of Doe Walgreens Employee as Doe Walgreens Employee was working within the course and scope of their agency or assignment with Defendant Walgreens.

45.  At all times relevant herein, the actions of the actions of Doe Walgreens Employee were done with a common purpose and/or joint venture existing with Walgreens, which resulted in the injuries and damages to Plaintiff.

46.  That Defendant Walgreens is viciously liable and/or jointly and severally liable for the negligence and carelessness of Doe Walgreens Employee committed while said common purpose and/or joint venture existed between Defendant Walgreens and Doe Walgreens Employee and such negligence which gave rise to Plaintiff's injuries.

47.  As a direct and proximate result of Defendants Walgreens and Doe Walgreens Employee's negligence, carelessness, and recklessness, Plaintiff suffered personal injuries to her body was well as pain and suffering.

48.  Plaintiff is entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries sustained as a result of Defendant Walgreens and Doe Walgreens Employee's negligence.

49.  As a direct and proximate result of the actions of Defendants, Plaintiff experienced pain and suffering, damaging Plaintiff in excess of $15,000.00

50.  As a direct and proximate result of the actions of Defendants, Plaintiff has been

6

required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General damages sustained by Plaintiff in an amount in excess of $15,000;

2. Special damages to be determined at the time of trial;

3. Medical and incidental expenses already incurred and to be incurred;

4. Lost earnings and earning capacity;

5. Interest at the statutory rate;

6. Reasonable attorney's fees and costs of suit; and

7. For such other relief as the Court deems just and proper.

DATED THIS 3rd day of June 2022.

                                        **HICKS & BRASIER, PLLC**

                                        */s/ Betsy C. Jefferis-Aguilar, Esq.*
                                        BETSY JEFFERIS AGUILAR, ESQ.
                                        Nevada Bar No. 12980
                                        2630 S. Jones Blvd
                                        Las Vegas, Nevada 89146
                                        *Attorneys for Plaintiff*

7

# EXHIBIT B

Electronically Filed
6/3/2022 2:31 PM
Steven D. Grierson
CLERK OF THE COURT

1  **IAFD**
2  BETSY JEFFERIS AGUILAR, ESQ.
   Nevada Bar No. 12980
3  **HICKS & BRASIER, PLLC**
   2630 S. Jones Blvd
4  Las Vegas, Nevada 89146
5  Phone: (702) 628-9888
   Fax:  (702) 960-4118
6  E-Mail: baguilar@lvattorneys.com
   *Attorneys for Plaintiff*
7

CASE NO: A-22-853533-C
Department 13

8                          **DISTRICT COURT**

9                      **CLARK COUNTY, NEVADA**

10  SHARLENE CRIBBS,                    )        CASE NO.:
                                        )        DEPT. NO.:
11                                      )
                Plaintiff,              )
12                                      )
    vs.                                 )
13                                      )
14  WALGREEN CO. dba WALGREENS, a       )
    foreign corporation; DOE EMPLOYEES  )
15  OF WALGREENS, DOES 1-20 and ROE     )
    BUSINESS ENTITIES 1-20, inclusive,  )
16                                      )
17          Defendants.                 )

            **INITIAL APPEARANCE FEE DISCLOSURE**
18
            Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted
19
    for fees appearing in the above entitled action as indicated below:
20
    Plaintiff #1                                $270.00
21
22              **TOTAL REMITTED:  $       270.00**

23          DATED THIS 3rd day of June, 2022.

24                                      **HICKS & BRASIER, PLLC**

25                                      */s/ Betsy C. Jefferis-Aguilar, Esq.*
26                                      BETSY JEFFERIS AGUILAR, ESQ.
                                        Nevada Bar No. 12980
27                                      2630 S. Jones Blvd
                                        Las Vegas, Nevada 89146
28                                      *Attorneys for Plaintiff*

# EXHIBIT C

**Electronically Filed**
**6/21/2022 11:48 AM**
**Steven D. Grierson**
**CLERK OF THE COURT**

Job # 18128

# AFFIDAVIT OF SERVICE

**Client Info:**

Hicks & Brasier
2630 S. Jones Blvd.
Las Vegas, NV 89146

**Case Info:**

**Plaintiff:**
SHARLENE CRIBBS,
 -versus-
**Defendant:**
WALGREEN CO. dba WALGREENS, a foreign corporation; DOE
EMPLOYEES OF WALGREENS, DOES 1-20 and ROE BUSINESS
ENTITIES 1-20, inclusive,

District Court
Court Division: Dept. No.: 13
County of Clark, Nevada

Issuance Date: 6/13/2022 Court Case # **A--22-853533-C**

**Service Info:**

**Date Received: 6/13/2022 at 08:56 AM**
**Service:** I Served **WALGREEN CO. dba WALGREENS, a foreign corporation**
With: **SUMMONS; PLAINTIFF'S COMPLAINT**
by leaving with **Jed, AUTHORIZED TO ACCEPT FOR R.A. COMPANY**

**At Business CORPORATION SERVICE COMPANY, 112 NORTH CURRY STREET, CARSON CITY, NV 89703**
Latitude: **39.164263,** Longitude: **-119.768280**

On **6/17/2022 at 11:25 AM**
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS; PLAINTIFF'S COMPLAINT** to: **Jed , AUTHORIZED TO
ACCEPT FOR R.A. COMPANY** at the address of: **Corporation Service Company, 112 North Curry Street, Carson City, NV
89703** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age
and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation
filed with the Secretary of State or entities usual place of business.

I Jon Salisbury , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was
served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and
that the facts stated in it are true.

Signature of Server: _____
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **18128**   Client Ref # **206377**

SUBSCRIBED AND SWORN to before me this 19th day of June 2022 by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-23
Certificate No: 15-3221-2




1 of 1

# EXHIBIT D

Electronically Filed
7/8/2022 8:59 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
**VICKI DRISCOLL, ESQ.**
Nevada Bar No. 3939
2340 W. Horizon Ridge Parkway, #100
Telephone: (702) 477-7774
Facsimile: (702) 477-7778
ranalliservice@ranallilawyers.com
*Attorney for Defendant,*
*WALGREEN CO.*

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

SHARLENE CRIBBS,                          )
                                          ) CASE NO.: A-22-853533-C
                                          ) DEPT NO.: XIII
          Plaintiff,                      )
                                          )
     vs.                                  )
                                          )
WALGREEN CO. dba WALGREENS, a )
Foreign Corporation; DOE                  )
EMPLOYEES OF WALGREENS, DOES  )
1-20 and ROE BUSINESS ENTITIES)
1-20, inclusive                           )
                                          )
          Defendants.                     )
_____)

**INITIAL APPEARANCE FEE DISCLOSURE**

     Pursuant to NRS Chapter 19, as amended by Senate Bill 106,

filing fees are submitted for parties appearing in the above-

entitled action as indicated below:

///

///

///

1

DEFENDANT WALGREEN, CO.:              $223.00

TOTAL FEES REMITTED:                  $223.00

DATED this _8TH_ day of July, 2022.

**RANALLI ZANIEL FOWLER & MORAN, LLC**

_/s/ Jason Andrew Fowler, #8071_

_____
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
2340 W. Horizon Ridge Parkway
Suite 100
Henderson, Nevada 89052
Attorneys for Defendant
_WALGREEN CO._

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

*RANALLI ZANIEL FOWLER & MORAN, LLC*
*2340 W. Horizon Ridge Parkway, Suite 100*
*Henderson, Nevada 89052*
*Telephone: (702) 477-7774 Fax: (702) 477-7778*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of RANALLI ZANIEL FOWLER & MORAN, LLC, and that on the __8th__ day of July, 2022, I caused the foregoing **INITIAL APPEARANCE FEE DISCLOSURE** to be served as follows:

[ ] by placing a true and correct copy of the same to be deposited for mailing in the US Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ] pursuant to EDCR 7.26, by sending it via facsimile (w/out attachments); and/or

[ ] by hand delivery to the parties listed below; and/or

[X] pursuant to N.E.F.C.R. Rule 9 and Administrative Order 14-2, by sending it via electronic service:

Betsy Jefferies Aguilar, Esq.
**HICKS & BRASIER, PLLC**
2630 s. Jones Blvd.
Las Vegas, Nevada  89146
Attorneys for Plaintiff
**VIA ELECTRONIC SERVICE**

*/s/ Donna Hicks*
_____
**An EMPLOYEE OF
RANALLI ZANIEL FOWLER & MORAN, LLC**

3

# EXHIBIT E

Electronically Filed
7/8/2022 8:59 PM
Steven D. Grierson
CLERK OF THE COURT

**ANS**
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
**VICKI DRISCOLL, ESQ.**
Nevada Bar No. 3939
2340 W. Horizon Ridge Parkway, #100
Telephone: (702) 477-7774
Facsimile: (702) 477-7778
ranalliservice@ranallilawyers.com
*Attorney for Defendant,*
*WALGREEN CO.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHARLENE CRIBBS, | ) |
| | ) CASE NO.: A-22-853533-C |
| | ) DEPT NO.: XIII |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WALGREEN CO. dba WALGREENS, a | ) |
| Foreign Corporation; DOE | ) |
| EMPLOYEES OF WALGREENS, DOES | ) |
| 1-20 and ROE BUSINESS ENTITIES | ) |
| 1-20, inclusive | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant WALGREEN CO., and severing themselves from all other parties, answers the Complaint on file herein as follows:

**JURISDICTION AND PARTIES**

1. As to the allegations of Paragraph 1 of the Complaint, Defendant has insufficient information or belief to admit or

1

*RANALLI ZANIEL FOWLER & MORAN, LLC*
*2340 W. HORIZON RIDGE PARKWAY, SUITE 100*
*HENDERSON, NEVADA 89052*
*TELEPHONE: (702) 477-7774 FAX: (702) 477-7778*

deny the remaining allegations, and on that ground denies each and every allegation in said Paragraphs.

2.   As to the allegations of Paragraph 2 of the Complaint, Defendant admits, upon information or belief, each and every allegation contained therein.

3.   As to the allegations of Paragraph 3 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

4.   As to the allegations of Paragraph 4 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

5.   As to the allegations of Paragraph 5 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

6.   As to the allegations of Paragraph 6 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

7.   As to the allegations of Paragraph 7 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

8.   As to the allegations of Paragraph 8 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9.   As to the allegations of Paragraph 9 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

10. As to the allegations of Paragraph 10 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

11. As to the allegations of Paragraph 11 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

12. As to the allegations of Paragraph 12 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

13. As to the allegations of Paragraph 13 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

3

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

14.   As to the allegations of Paragraph 14 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

15.   As to the allegations of Paragraph 15 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

### FIRST CLAIM FOR RELIEF

### (NEGLIGENCE TO ALL DEFENDANTS)

16.   As to Paragraph 16 of the Complaint, Defendant repeats and re-alleges each and every response to each and every allegation contained in paragraphs 1 through 15 above as though fully set forth herein verbatim.

17.   As to the allegations of Paragraph 17 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

18.   As to the allegations of Paragraph 18 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground denies each and every allegation in said Paragraphs.

19.   As to the allegations of Paragraph 19 of the Complaint, Defendant has insufficient information or belief to

admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

20. As to the allegations of Paragraph 20 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

21. As to the allegations of Paragraph 21 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

22. As to the allegations of Paragraph 22 of the Complaint, Defendant denies each and every allegations contained therein.

### SECOND CLAIM FOR RELIEF

### (NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION TO WALGREENS)

23. As to Paragraph 23 of the Complaint, Defendant repeats and re-alleges each and every response to each and every allegation contained in paragraphs 1 through 22 above as though fully set forth herein verbatim.

24. As to the allegations of Paragraph 24 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

25. As to the allegations of Paragraph 25 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground denies each and every allegation in said Paragraphs.

26. As to the allegations of Paragraph 26 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

27. As to the allegations of Paragraph 27 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

28. As to the allegations of Paragraph 28 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

29. As to the allegations of Paragraph 29 of the Complaint, Defendant denies each and every allegation contained therein.

30. As to the allegations of Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31. As to the allegations of Paragraph 31 of the Complaint, Defendant has insufficient information or belief to

admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

32.   As to the allegations of Paragraph 32 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

33.   As to the allegations of Paragraph 33 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

34.   As to the allegations of Paragraph 34 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

35.   As to the allegations of Paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

**THIRD CLAIM FOR RELIEF**

**(NEGLIGENT INSPECTION AND WARNING)**

36.   As to Paragraph 36 of the Complaint, Defendant repeats and re-alleges each and every response to each and every allegation contained in paragraphs 1 through 35 above as though fully set forth herein verbatim.

///

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

37.   As to the allegations of Paragraph 37 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

38.   As to the allegations of Paragraph 38 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground denies each and every allegation in said Paragraphs.

39.   As to the allegations of Paragraph 39 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground denies each and every allegation in said Paragraphs.

40.   As to the allegations of Paragraph 40 of the Complaint, Defendant denies the allegations as they pertain therein.

### FOURTH CLAIM FOR RELIEF

### (VICARIOUS LIABILITY/JOINT & SEVERAL LIABILITY/RESPONDEAT SUPERIOR AS TO ALL DEFENDANTS)

41.   As to Paragraph 41 of the Complaint, Defendant repeats and re-alleges each and every response to each and every allegation contained in paragraphs 1 through 40 above as though fully set forth herein verbatim.

42.   As to the allegations of Paragraph 42 of the Complaint, Defendant has insufficient information or belief to

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

43. As to the allegations of Paragraph 43 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground denies each and every allegation in said Paragraphs.

44. As to the allegations of Paragraph 44 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground denies each and every allegation in said Paragraphs.

45. As to the allegations of Paragraph 45 of the Complaint, Defendant has insufficient information or belief to admit or deny the allegations, and on that ground denies each and every allegation in said Paragraphs.

46. As to the allegations of Paragraph 46 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground denies each and every allegation in said Paragraphs.

47. As to the allegations of Paragraph 47 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground denies each and every allegation in said Paragraphs.

48. As to the allegations of Paragraph 48 of the Complaint, Defendant has insufficient information or belief to

admit or deny said allegations, and on that ground denies each and every allegation in said Paragraphs.

49. As to the allegations of Paragraph 49 of the Complaint, Defendant has insufficient information or belief to admit or deny said allegations, and on that ground denies each and every allegation in said Paragraphs.

50. As to the allegations of Paragraph 50 of the Complaint, Defendant denies each and every allegation in said Paragraph.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

Plaintiff's Complaint on file herein fails to state a claim against Defendants upon which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

The incident alleged in the Complaint, and the resulting damages, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence, and such negligence was greater than the negligence, if any, of Defendants, and/or Defendants are entitled to an offset for the negligence of Plaintiff if such negligence was less than that of Defendant.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

Defendants allege that Plaintiff has failed to mitigate her damages, if any.

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. Horizon Ridge Parkway, Suite 100
Henderson, Nevada 89052
Telephone: (702) 477-7774 Fax: (702) 477-7778

#### FOURTH AFFIRMATIVE DEFENSE

The occurrences referred to in the Complaint, and all damages, if any, resulting there from, were caused by the acts or omissions of third parties over whom this answering Defendants had no control.

#### FIFTH AFFIRMATIVE DEFENSE

Attorney's fees are only recoverable through contract or by statute and are not recoverable as damages in a lawsuit for personal injury damages. Plaintiff's claims for attorney's fees and costs as alleged in Plaintiff's Complaint are not recoverable herein and have been improperly pled in Plaintiff's Complaint. Defendants specifically reserve the right to have Plaintiff's improperly pled claim for attorney's fees dismissed prior to trial. Plaintiff's claims are barred by the applicable statute or limitations.

#### SIXTH AFFIRMATIVE DEFENSE

An unforeseeable incapacity/sudden emergency as a bar to liability in negligence are based upon the principle that one is not negligent if an unforeseeable occurrence or sudden emergency causes an accident and/or injury.

#### SEVENTH AFFIRMATIVE DEFENSE

If any damages are awarded to Plaintiff, they should be apportioned among the Defendants according to their percentage of liability and/or among the various accidents and/or pre-existing conditions.

11

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are not joint and severally liable and are only severally liable, if liable at all.

### NINTH AFFIRMATIVE DEFENSE

Any hazard alleged is trivial.

### TENTH AFFIRMATIVE DEFENSE

Any hazard defect was open and obvious.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs do not have a ripe cause of action.

### TWELVETH AFFIRMATIVE DEFENSE

If any hazard or danger existed to Plaintiff for which Defendant would be responsible, Plaintiff knew of the danger or hazard and her own unreasonable conduct was the cause of any injury, be it due to a hazardous, ultra-hazardous activity or condition or otherwise.

### THIRTEENTH AFFIRMATIVE DEFENSE

All of the risks and dangers involved in the factual situation described in the Complaint were open, obvious and known to Plaintiff, and by reason thereof, Plaintiff assumed such risks and dangers incident thereto.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred and/or diminished by the doctrines of consent, waiver, laches, estoppel and/or unclean hands.

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's own unreasonable conduct constitutes the sole or majority of the cause for his alleged injuries.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The occurrences referred to in the Complaint, and all damages, if any, resulting there from, were caused by the acts or omissions of co-defendants, unnamed defendants, non-parties or third parties over whom this answering Defendant had no control.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants, not being fully advised as to all facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, discharged and bankruptcy, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, permit, consent, payment, release res judicata, statute of frauds, and other contract defenses including but not limited to failure of contract formation, absence of privity, Plaintiff's lack of standing, absence, lack or failure of consideration, illusory promises, absence of mutual assent, mutual mistake and/or unilateral mistake wherein Plaintiff was aware of the mistake, misrepresentation and/or fraud, failure to perform, unconscionability, improper delegation of duties and/or assignment of rights, nonoccurrence of condition precedent,

13

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

excuse, and discharge by performance, impossibility, impracticability, frustration, illegality, recision, modification, novation, release, cancellation, substituted contract, account stated, lapse, operation of law including but not limited to running of the statute of limitations, and/or occurrence of condition subsequent, consent of the Plaintiffs, that Plaintiffs have granted Defendant's an easement either expressly or implied in fact, that the conditions complained of were so open and obvious that Plaintiffs or their predecessors in interest consented to them, that any damages claimed by Plaintiffs are the fault of underlying contractors, construction companies, developers or laborers over whom Defendants had no control or authority and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any alleged hazardous condition was unknown to Defendant and if it existed, had existed for such a short period of time that Defendant cannot be held responsible for it.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims and causes of action against Defendant are barred by the doctrines of laches, waiver, estoppel, and/or unclean hands.

///

///

14

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**TWENTYETH AFFIRMATIVE DEFENSE**

Defendant alleges that the conduct of the Plaintiff was responsible for the damages, if any, of the Plaintiff and the culpability of the Plaintiff exceed that of the Defendant, if any, and that the Plaintiff is thereby barred from any recovery.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiff failed to name a party necessary for full and adequate relief essential in this case.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiff delayed investigation of this claim to the prejudice of the Defendant and accordingly this action should be dismissed.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

No act or omission of Defendant was a cause or proximate cause of injuries and damages, if any, sustained by Plaintiff.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that negligence of another party or parties was a superseding cause.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Pursuant to NRCP Rule 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer and, therefore, Defendant

reserves the right to amend her Answer to allege additional affirmative defenses or withdraw certain affirmative defenses if subsequent investigation warrants.

**PRAYER**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.   That Plaintiff take nothing and judgment be entered in favor of Defendant, Walgreen Co.;

2.   That Plaintiff's Complaint be dismissed with Prejudice;

3.   For attorneys' fees and other costs of suit; and

4.   For such other and further relief as the Court deems just and proper.

DATED this  8TH  day of July, 2022.

RANALLI ZANIEL FOWLER & MORAN, LLC

*/s/ Jason Andrew Fowler, #8071*
_____
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
2340 W. Horizon Ridge Parkway
Suite 100
Henderson, Nevada 89052
Attorneys for Defendant
*WALGREEN CO.*

## CERTIFICATE OF SERVICE

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of RANALLI ZANIEL FOWLER & MORAN, LLC, and that on the  8th  day of July, 2022, I caused the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served as follows:

[ ] by placing a true and correct copy of the same to be deposited for mailing in the US Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ] pursuant to EDCR 7.26, by sending it via facsimile (w/out attachments); and/or

[ ] by hand delivery to the parties listed below; and/or

[X] pursuant to N.E.F.C.R. Rule 9 and Administrative Order 14-2, by sending it via electronic service:

Betsy Jefferies Aguilar, Esq.
**HICKS & BRASIER, PLLC**
2630 s. Jones Blvd.
Las Vegas, Nevada  89146
Attorneys for Plaintiff
**VIA ELECTRONIC SERVICE**


*/s/ Donna Hicks*
_____
**An EMPLOYEE OF
RANALLI ZANIEL FOWLER & MORAN, LLC**

17

# EXHIBIT F

Electronically Filed
7/8/2022 8:59 PM
Steven D. Grierson
CLERK OF THE COURT

1  **DMJT**
   **GEORGE M. RANALLI, ESQ.**
2  Nevada Bar No. 5748
   **JAMES F. HOLTZ, ESQ.**
3  Nevada Bar No. 8119
   **VICKI DRISCOLL, ESQ.**
4  Nevada Bar No. 3939
   2340 W. Horizon Ridge Parkway, #100
5  Telephone: (702) 477-7774
   Facsimile: (702) 477-7778
6  ranalliservice@ranallilawyers.com
   *Attorney for Defendant,*
7  *WALGREEN CO.*

8

9                          **DISTRICT COURT**

10                     **CLARK COUNTY, NEVADA**

   SHARLENE CRIBBS,                    )
11                                      )CASE NO.: A-22-853533-C
                                        )DEPT NO.: XIII
12            Plaintiff,               )
                                        )
13       vs.                           )
                                        )
14  WALGREEN CO. dba WALGREENS, a )
    Foreign Corporation; DOE          )
15  EMPLOYEES OF WALGREENS, DOES  )
    1-20 and ROE BUSINESS ENTITIES)
16  1-20, inclusive                   )
                                        )
17            Defendants.             )
   ————————————————————————————)

18                  **DEMAND FOR JURY TRIAL**

19      Defendant, Walgreens, Co., by and through its attorney of

20  record, GEORGE M. RANALLI, ESQ., with the law firm of RANALLI

21  ZANIEL FOWLER & MORAN, LLC, hereby demands a jury

22  ///

23  ///

24  ///

                              1

*RANALLI ZANIEL FOWLER & MORAN, LLC*
*2340 W. HORIZON RIDGE PARKWAY, SUITE 100*
*HENDERSON, NEVADA 89052*
*TELEPHONE: (702) 477-7774 FAX: (702) 477-7778*

trial of all of the issues in the above-entitled matter.

DATED this <u>8TH</u> day of July, 2022.

RANALLI ZANIEL FOWLER & MORAN, LLC

*/s/ Jason Andrew Fowler, #8071*
_____
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
2340 W. Horizon Ridge Parkway
Suite 100
Henderson, Nevada 89052
Attorneys for Defendant
*WALGREEN CO.*

## CERTIFICATE OF SERVICE

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of RANALLI ZANIEL FOWLER & MORAN, LLC, and that on the __8th__ day of July, 2022, I caused the foregoing **DEMAND FOR JURY TRIAL** to be served as follows:

[ ]  by placing a true and correct copy of the same to be deposited for mailing in the US Mail at Henderson, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ]  pursuant to EDCR 7.26, by sending it via facsimile (w/out attachments); and/or

[ ]  by hand delivery to the parties listed below; and/or

[X]  pursuant to N.E.F.C.R. Rule 9 and Administrative Order 14-2, by sending it via electronic service:

Betsy Jefferies Aguilar, Esq.
**HICKS & BRASIER, PLLC**
2630 s. Jones Blvd.
Las Vegas, Nevada  89146
Attorneys for Plaintiff
**VIA ELECTRONIC SERVICE**

*/s/ Donna Hicks*
_____
**An EMPLOYEE OF
RANALLI ZANIEL FOWLER & MORAN, LLC**

RANALLI ZANIEL FOWLER & MORAN, LLC
2340 W. HORIZON RIDGE PARKWAY, SUITE 100
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

# EXHIBIT G

Electronically Filed
7/12/2022 7:02 PM
Steven D. Grierson
CLERK OF THE COURT

1  | **REA**
2  | BETSY JEFFERIS AGUILAR, ESQ.
   | Nevada Bar No. 12980
3  | **HICKS & BRASIER, PLLC**
4  | 2630 S. Jones Blvd
   | Las Vegas, Nevada 89146
5  | Phone: (702) 628-9888
   | Fax:  (702) 960-4118
6  | E-Mail: baguilar@lvattorneys.com
   | *Attorneys for Plaintiff*
7  |

8  | **DISTRICT COURT**

9  | **CLARK COUNTY, NEVADA**

| | |
|---|---|
| SHARLENE CRIBBS, | CASE NO.:  A-22-853533-C |
| Plaintiff, | DEPT. NO.:  13 |
| vs. | **PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** |
| WALGREEN CO. dba WALGREENS, a foreign corporation; DOE EMPLOYEES OF WALGREENS, DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive, | |
| Defendants. | |

Plaintiff SHARLENE CRIBBS, by and through her attorney Betsy C. Jefferis-Aguilar, Esq.  Esq. of the law office of HICKS & BRASIER, PLLC, hereby requests the above entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5 as this case involves an amount in excess of $50,000 per Plaintiff, exclusive of interest and cost.

This personal injury action is a result of a trip and fall that occurred on March 19, 2021 in Clark County, Nevada. Plaintiff was walking in just outside the entrance of Walgreens when she tripped and fell on a small liquor bottle on the Property. Plaintiff suffered bodily injuries as a result of the incident and has incurred the following damages (**future medical expenses delineated in bold**):

| Provider | Amount |
|---|---|
| Dignity Health | $16,528.83 |
| Radiology Associates of Nevada | $ 523.00 |
| Desert Orthopedic Center | $4,493.00 |
| Pueblo Medical Imaging | $588.00 |
| Total  Past Medical Expenses: | $22,132.88 |
| **Desert Orthopedic Center Future Recommendation:**<br>**Bilateral cervical Facet Blocks C3-C4, C4-C5 and C5-C6 for the cost of $14,850.00**<br>**Bilateral cervical Radiofrequency Denervation C3-C4, C4-C5 and C5-C6 for the cost of $20,000.00**<br>**Bilateral cervical Transforaminal Epidural Injections C3-C4, C4-C5 and C5-C6 for the cost of $15,000.00**<br>**EMG/NCV**<br>**Bilateral Cervical Facet Medial Branch Blocks at C3-C4 and C4-C5 with a 25-gauge 2-inch spinal needle** | **$48,000** |
| **Total Future Medical Expenses** | **$48,000** |
| **Total Medical Expenses:** | **$70,132.82** |

Because liability is solely against Defendant, Plaintiff alleges that Defendant is the cause of Plaintiff's injuries. Clearly, the value of Plaintiff's damages include medical expenses, pain and suffering exceeds the $50,000.00 threshold and the matter should be exempted from Arbitration.

I hereby certify pursuant to NRCP 11 this case to be within the exemption(s) marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program. I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document and any attachments thereto do not contain personal information including, without limitation, home address/phone number, social security number, driver's license number or

identification card number, account number, PIN numbers, credit card number or debit card number, in combination with any required security code, access code or password that would permit access to the person's financial account.

DATED THIS 12th day of July 2022.      **HICKS & BRASIER, PLLC**

                                            */s/ Betsy C. Jefferis-Aguilar, Esq.*
                                            BETSY JEFFERIS AGUILAR, ESQ.
                                            Nevada Bar No. 12980
                                            2630 S. Jones Blvd
                                            Las Vegas, Nevada 89146
                                            *Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to NRCP 5(b), I certify that I am an employee of HICKS & BRASIER, PLLC, and that on this 12th day of July, 2022, I served a copy of the foregoing **PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** in accordance with Administrative Order 14-2 and Rule 9 of the Nevada Electronic Filing and Conversion Rules (N.E.F.C.R.) by transmitting via the Court's electronic filing services by the document(s) listed above to the Counsel set forth on the service list below:

GEORGE M. RANALLI, ESQ.
Nevada Bar No. 5748
JAMES F. HOLTZ, ESQ.
Nevada Bar No. 8119
VICKI DRISCOLL, ESQ.
Nevada Bar No. 3939
2340 W. Horizon Ridge Parkway, #100
*Attorney for Defendant*


　　　　　　　　　　　*/s/ Alejandro Arias*
　　　　　　　　　　An employee of Hicks & Brasier, PLLC