**SAO**
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**VICKI DRISCOLL, ESQ.**
Nevada Bar No. 3939
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2340 W. Horizon Ridge Parkway, #100
Telephone: (702) 477-7774
Facsimile: (702) 477-7778
ranalliservice@ranallilawyers.com
*Attorney for Defendant,*
*WALGREEN CO.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SHARLENE CRIBBS, | )<br>)Case No.: 2:22-cv-01167-JCM-NJK<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **CONFIDENTIALITY**<br>) **STIPULATION AND** |
| WALGREEN CO. dba WALGREENS, a<br>Foreign Corporation; DOE<br>EMPLOYEES OF WALGREENS, DOES<br>1-20 and ROE BUSINESS ENTITIES<br>1-20, inclusive | ) **PROTECTIVE ORDER**<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Certain parties believe that discovery will encompass documents and information that would not ordinarily be disclosed to the public and that disclosure or misuse of such materials would cause competitive harm, divulge trade secrets, raise privacy concerns, and violate confidentiality provisions set

1

forth in contracts binding on the parties. Accordingly, the parties have agreed to the entry of this Confidentiality Stipulation and Protective Order ("Agreed Order") to expedite the flow of discovery materials, preserve the integrity of information that one or more parties believe is confidential, promote the prompt resolution of discovery disputes over confidentiality, facilitate the preservation of materials that may contain confidential information and trade secrets, and prevent breach of the confidential provisions set forth in contracts.

Accordingly, in the interests of justice and to expedite discovery, the parties hereby **STIPULATE AND AGREE** that:

1. Confidential Information:

For purposes of this Agreed Order, "Confidential Information" shall mean documents or other materials that one or more parties believe to include proprietary information relating to their business, disclosure of which might be harmful, including but not limited to, information that has not been made available to the public at large, confidential research, development, commercial information, contracts, collective bargaining agreement, and trade secrets, including but not limited to rules and regulations, policies and procedures, processes, operations, training materials, safety materials.

Notwithstanding the foregoing, the term "Confidential Information" does not include information which (a) is in or becomes a part of the public domain without violation of this Agreed Order by any party to this litigation or their counsel; (b) was known to a party to this litigation on a non-

2

confidential basis prior to its disclosure to such party or their counsel in this litigation; or (c) is not otherwise subject to a restriction on disclosure and is rightfully obtained by any party or their counsel from a source other than a party in this litigation.

Defendants may designate documents, information or testimony as Confidential Information under this Order as follows:

    a.    The designation shall be made by clearly stamping or marking any document, including any interrogatory answer or transcript, with the word "CONFIDENTIAL."

    b.    Transcripts (or portions thereof) may be designated "CONFIDENTIAL" by instructing the reporter to stamp or mark the transcript (or portions thereof) within ten (10) days after it is received, and shall be treated as Confidential until the ten (10) day designation period has passed.

    c.    In the case of electronically-stored information, a party producing Confidential Information in an electronically-stored format shall stamp the physical medium by which the information is transmitted (e.g. computer tape, computer disk, CD Rom, etc.) as "CONFIDENTIAL."  If the party to whom such electronically-stored information is produced shall create any readable report or output from such confidential data, that party shall prominently label each page of such output report as "CONFIDENTIAL."

    d.    A party, provider of documents or non-party witness may denominate any response to any written discovery request brief, motion or other material filed with the court,

3

and any appendix, exhibit or document pertaining to such material as Confidential Information by stamping the cover or first page, "CONFIDENTIAL."

  e. Documents produced or to be produced by a third-party, including but not limited to personal financial bank records, tax records or other private documents or information, may be designated as confidential prior to their release through subpoena via a written notice to all parties.

  2. <u>Limited Disclosure and Use of Confidential Information</u>: A person who receives Confidential Information has a duty to preserve confidentiality, shall not make any further disclosure of it except as authorized below or by further order, and shall use it only for purposes of this case or any arbitration or mediation related to this case. A receiving person may make disclosure to the following persons:

  a. Attorneys of record for the parties of this litigation;

  b. Designated business persons of any corporate party ("Corporate Designees"), but only to the extent necessary for the conduct of this action; provided, however, that no Confidential Information shall be revealed to such persons until the conditions detailed in Paragraph 4 have been met;

  c. Deposition reporters;

  d. Independent experts, investigators, and other consultants retained by counsel; provided, however, that no Confidential Information shall be revealed to such persons until the conditions detailed in Paragraph 4 have been met; provided further, however, that the retained person is not employed

4

during the pendency of the litigation, and has not been employed during the past two (2) years, by a person or entity that competes with the producing party;

e. Associates, secretaries, paralegals, clerical, and other employees of the individuals identified in subparagraphs (a), (b) and (d) above, to the extent reasonably necessary to render professional services in the litigation;

f. A deponent during the course of his or her deposition;

g. Any person who is referenced in Confidential Information; provided, however, that no Confidential Information shall be revealed to such persons until the conditions detailed in Paragraph 4 have been met;

h. Witnesses or prospective witnesses in the course of investigation or in preparation for deposition, or at deposition; provided, however, that no Confidential Information shall be revealed to such persons until the conditions detailed in Paragraph 4 have been met; and

i. The Court, any arbitrator, mediator or adjudicator and their personnel.

3. <u>Submission to Court</u>. No Confidential Information, whether embodied in physical objects, documents, electronically-a, tangible items, or the transcription of statements, shall be filed with the Court, unless the producing party consents in writing to such filing, or unless filed in a sealed envelope on which shall be endorsed the caption of the action and a statement substantially in the following form:

*See order issued concurrently herewith*

5

~~**CONFIDENTIAL**

This envelope contains documents or information in this case that is subject to a Confidentiality Order entered by the Court. This envelope shall not be opened nor the contents thereof displayed or revealed except by Order of Court. Violation thereof may be regarded as contempt of Court.~~

A party discharges its obligations under this paragraph by filing a pleading, motion, brief or other papers in two parts and placing the part which contains Confidential Information under seal. Any courtesy copy delivered to the Court shall be marked: "Courtesy Copy – Original Under Seal."

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 2 (b), (d), (f), (g) or (h), counsel for the party disclosing such Confidential Information shall provide such person with a copy of this Order, shall advise them that the disclosure of Confidential Information is subject to its terms, and shall obtain and retain a signed Declaration of Compliance, in the form annexed hereto as Exhibit" A," from each such person. Counsel for each party shall retain the original of any Declaration of Compliance received from persons to whom Confidential Information is provided, in accordance with this Order.

5. If any party believes that a designation as Confidential as to any document, material or information by any other party or by any witness is unwarranted, it may so inform the designating party or witness in writing. Upon receipt by the designating party of such written objection, the parties shall negotiate in good faith to resolve their differences. If,

within ten (10) days after such written objection to a designation the parties have failed to reach agreement, the party objecting to the designation may apply to the Court for a ruling that the designation as to any document, material or information shall not be treated as designated, giving notice to the party or non-party producing the documents. No disclosure of any documents, material or information designated as Confidential Information shall be made, except in accordance herewith, by the recipient prior to decision by the Court on any such motion. In any proceeding challenging the propriety of the designation of any document, information or materials as Confidential Information, the party, provider of documents or witness who has designated the document, material or information as Confidential Information shall bear the burden of establishing the propriety of that designation. Until the Court enters an Order changing the designation for any document, material or information, it shall be given "Confidential" treatment in accordance with this Order.

6. Unless otherwise ordered or agreed, neither the termination of this lawsuit nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person from the terms of this Order.

7. This Order shall not be deemed a waiver of:

 a. Any party's right to object to any discovery requests on any ground or to seek a protective order with respect to any such discovery request;

 b. Any party's right to seek an order compelling discovery with respect to any discovery request;

7

   c. Any party's right to object to the admission of any evidence on any ground;

   d. Any party's right to seek a modification of this Order upon reasonable notice to all other parties; or

   e. Any party's right to challenge the propriety of the designation of any material as Confidential Information at any time. Failure of any party to promptly challenge the propriety of such a designation shall not preclude that party's subsequent objection to such designation, a motion by that party to seek a determination as to the propriety of such designation or a motion by that party to otherwise modify the provisions of this Order. The designation by a party that material is Confidential shall not constitute an admission by any other party that the material is confidential.

  8. All Confidential Information shall be returned as follows:

   a. Within thirty (30) days after the final determination of this Action, or sooner if agreed to in writing by the parties, all Confidential Information, including originals, and subject to subparagraph (c) hereof, copies, abstracts or summaries thereof, shall be returned to the attorney for the party producing and providing the material or destroyed by the party receiving such material, and no copies thereof shall be retained by any other person; provided, however, that counsel of record for the parties may keep, in strictest confidence, one copy of any part of the Confidential Information produced by others that has become part of the

8

official record of this litigation. Such copy shall remain subject to the terms of this Order;

  b. If Confidential Information is furnished to a testifying or consulting expert, investigator, other consultant, or witness, the attorney for the party using such expert, investigator, other consultant, or witness shall have the responsibility of ensuring that all such material, including copies, abstracts and summaries thereof, is returned to the party producing the same or destroyed; and

  c. Counsel of record for each party may retain abstracts or summaries of materials, which contain counsel's mental impressions or opinions. Such abstracts or summaries, which contain or refer to Confidential Information shall, however, remain subject to the terms of this Order.

  9. Any party in receipt of a subpoena, official agency request for information or other legal process seeking documents or other information designated Confidential by another party or entity hereunder, shall first notify the other party or entity which designated the information, in writing, of its intention to comply with that subpoena, agency request or legal process and shall give the designating party or entity sufficient notice to enable that party or entity to seek a protective order or otherwise take action to prevent disclosure. A party intending disclosure pursuant to a subpoena, agency request for information or other legal process shall not disclose the information sought until the objecting party, or entity has unsuccessfully exhausted all available legal or administrative procedures for resisting such disclosure, unless ordered by a

9

court to do so; provided, however, that if the objecting party or entity does not act to protect its interests in accordance with applicable procedural rules, including rules governing the time within action must be taken, the other party shall be entitled to disclose.

10. The parties will cooperate to establish a procedure for the use of information that has been designated Confidential at trial or during any court hearing. ~~At a minimum, that the courtroom is sealed, or that~~ ~~been designated Confidential is submitted under seal, and that only the persons set forth in paragraph 2 can be present in the courtroom when any information that has been designated Confidential, is referenced~~. The parties must seek relief from the Court as appropriate.

11. If any party misuses or improperly discloses Confidential Information in violation of this Order, any other party may move the Court for enforcement of this Order and/or sanctions that the Court deems appropriate under the circumstances. Any party who claims that a violation of this Order has occurred shall have the burden of proof on that issue.

12. Each party will endeavor to make reasonable efforts to ensure that materials and documents that should bear the Confidential legend are so labeled in fact. A failure to so designate any document or material shall not be deemed a waiver of the confidentiality protection. In the event a party belatedly determines that any document or material should be designated as Confidential under this Stipulation and Order, such party will so notify the other party and the other party shall agree to accept that notification and arrange to comply

10

with the remaining provision of this Stipulation and Order to such late designated documents and materials.

13. Any party, persons, and entities obtaining access to Confidential Information under this Confidentiality Stipulation and Protective Order, shall use the information only for preparation and trial of the above-captioned litigation (including appeals and retrials thereof), and shall absolutely not use such information for any other purpose whatsoever, including business, governmental, commercial, or administrative or judicial proceedings.

14. Each party agrees to be bound by the terms of this Confidentiality Stipulation and Order as of the date it is executed, prior to the entry of the Order by the Court. This Confidentiality Stipulation and Order may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one instrument.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

15. If a party wishes to file any Confidential Material under seal, the party must comply with the requirements of Local Rule IA 10-5 and the Ninth Circuit Court of Appeals' decision in *Kamakan v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  If a non-designating party is subpoenaed or ordered to produce Confidential Information by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Information until the designating party has had a reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: 9/29/22<br><br>**HICKS & BRASIER, PLLC**<br><br>/s/ Betsy Jefferis Aguilar<br>_____<br>**BETSY JEFFERIS AGUILAR, ESQ.**<br>Nevada Bar No. 12980<br>2630 S. Jones Blvd.<br>Las Vegas, Nevada  89146<br>Attorneys for Plaintiff | Dated: 9/29/22<br><br>**RANALLI ZANIEL FOWLER & MORAN, LLC**<br><br>/s/ George M. Ranalli<br><br>_____<br>**GEORGE M. RANALLI, ESQ.**<br>Nevada Bar No. 5748<br>**JAMES F. HOLTZ, ESQ.**<br>Nevada Bar No. 8119<br>**VICKI DRISCOLL, ESQ.**<br>Nevada Bar No. 3939<br>2340 W. Horizon Ridge Parkway, #100<br>*Attorney for Defendant/ Cross-Claimant, WALGREEN CO.* |

**ORDER**

It having been stipulated by and between the parties that this Stipulation for Protective Order is agreed to by the parties.

IT IS SO ORDERED.

DATED September 30, 2022

_____
United States Magistrate Judge

Respectfully submitted by:

**RANALLI ZANIEL FOWLER & MORAN, LLC**

/s/ George M. Ranalli
_____
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
**VICKI DRISCOLL, ESQ.**
Nevada Bar No. 3939
2340 W. Horizon Ridge Parkway, #100
*Attorney for Defendant,*
*WALGREEN CO.*

13

**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**VICKI DRISCOLL, ESQ.**
Nevada Bar No. 3939
**JAMES F. HOLTZ, ESQ.**
Nevada Bar No. 8119
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2340 W. Horizon Ridge Parkway, #100
Telephone: (702) 477-7774
Facsimile: (702) 477-7778
ranalliservice@ranallilawyers.com
*Attorney for Defendant,*
*WALGREEN CO.*

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

```
SHARLENE CRIBBS,                    )
                                    ) Case No.: 2:22-cv-01167-JCM-NJK
                                    )
         Plaintiff,                 )
                                    )
     vs.                            )
                                    )
WALGREEN CO. dba WALGREENS, a       )
Foreign Corporation; DOE            )
EMPLOYEES OF WALGREENS, DOES        )
1-20 and ROE BUSINESS ENTITIES      )
1-20, inclusive                     )
                                    )
         Defendants.                )
_____)
```

### CERTIFICATE OF COMPLIANCE

I, _____, as recipient of "Confidential" information as a result of my involvement in the matter of CRIBBS vs. WALGREEN CO., have received a the **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** and have reviewed it in its entirety and agree to comply with the provisions thereof. After the conclusion of this matter, I will comply with paragraph 8 by returning or immediately destroying

14

any such documents, information, copies, prints, summaries, and other reproductions of such information, identified as "Confidential".

DATED this ____ day of _____, _____.

By
_____
Print Name, Position, Business


_____
Signature



SUBSCRIBED AND SWORN to before

me this ____ day of _____, _____.


_____
NOTARY PUBLIC in and for said
County and State

15